Bex, J.
Counsel for plaintiff in error make two points in their assignment of errors, which aiise upon the record and relate — 1. To the number of electors summoned as jurors who appeared in obedience to the command of the anm? mons ; and, 2. To the oath administered to the jury.
In answer to the first point, it is sufficient to say: As it appears from the record that a jury was selected and impaneled from among the electors who did attend, with which the plaintiff in error was content, and to which he made no objection, the requirements of the law must be presumed to have been complied with, and the proceedings of the court to have been regular in this respect.
The second point is not, in our opinion, well taken. The form of the oath prescribed by the code is: “You shall *605 well and truly try, and true deliverance make, between the State of Ohio and the prisoner'at the bar (giving his name), so help you Godor in ease a juror makes affirmation, substituting, instead of the words “ so help you God,” the words : “ This you do as you shall answer, under the pains and penalties of perjury.” The record, speaking of the impaneling of the jury and of the oath administered, says: “ "Who were tried, elected, impaneled, and sioorn to well and truly try, and true deliverance make, between the State of Ohio and the prisoner at the bar, PhilipWareham.” The word “ sworn ” in the statement of the record shows clearly, that the oath administered to the jury was the oath prescribed by the code with the sanction “so help you God,” or “ this you do as you shall answer under the pains and penalties of perjury.”
This holding is not in conflict with the cases cited by counsel for plaintiff in error. In Fatter son’s case, 2 English -59, the record states, that the jury were “ selected, chosen, and sworn to say the truth in the premises.” Johnson, C. J., in delivering the opinion in the case, says: “ It is perfectly manifest that the swearing in this case is wholly insufficient, as they are not sioorn to well and truly try, and a true deliverence make, between the State of Arkansas and the prisoner at the bar,'nor to give a true verdict according to the law and the evidence.” In each of the other cases cited, the record shows that the oath administered was like that administered in Fatterson’s case, whilst- the- statute prescribed a form of oath, similar to that prescribed by the code of criminal procedure in this state.
On the trial, and after the state had .produced all its testimony in chief, counsel for plaintiff’ in error moved the the court to exclude from the consideration of the jury all ihe testimony given on the part of the state, in relation io a certain knife, about which several witnesses had been examined, and which had been exhibited to the jury and several witnesses for the state by the prosecuting attorney. The motion was overruled by the court, the ruling excepted to, and the same is now assigned for error. "We do not *606 think the court erred in the ruling excepted to. Testimony having been given by the state to identify the knife as the one with which the mortal wound was inflicted on Kirby by the plaintiff in error, the effect of the testimony thus produced, was a proper subject for the consideration of the jury.
Among the instructions given by the court to the jury, and accepted to by counsel for plaintiff in error, is the following :
“ If the defendant, Wareham, was endeavoring at the time to take the life of Charles Carpenter, or any one else, with deliberate and premeditated malice, and should unintentionally give the fatal blow to Kirby, intended for this other, he would be just as guilty as if the blow had taken effect upon the person for whom it was intended.”'
This instruction, it is argued by counsel for plaintiff in error,maybe true at common law, but not under the act of 1835, for the reason that as intent to kill is a necessary ingredient of the crime of murder in the first degree, if, while intending to kill one man, the plaintiff in error killed another, the intent to kill the person actually slain was wanting, and the crime committed comes under the statutory definition of manslaughter.
We concede that, under the statute, intent is a necessary ingredient of murder in both the first and second degrees, but we do not concede that, in either of these degrees, the intent to kill must be directed toward the person killed. The statutory definition of murder in the first degree is: “ That if any person shall purposely and of deliberate and premeditated malice . . . kill another;” whilst that of murder in the second degree is: “ That if any person shall purposely and maliciously, but without deliberation or premeditation, kill another.” The purpose or intent under either of these degrees is defined to be “ to kill another,” not to kill any particular person; and hence, if a person purposely and maliciously strikes a blow' with a deadly weapon, with intent to kill, and death ensues, this would he murder in the second degree, although the person strili *607 ing missed the person against whom the blow was directed, and. it took effect upon another. The intent to kill and the" malice followed the blow, and if another was killed the crime is complete; and .if deliberation and premeditation are added to the essential ingredients of murder in the second degree, the crime would be murder in the first degree. The purpose and malice with which the blow was struck is not changed in any degree by the circumstance that it did not take effect upon the person at whom it was aimed. The purpose and malice remain, and if the person struck is killed, the crime is as complete as though the person against whom the blow was directed had been killed, the lives of all persons being equally sacred in the eye of the law, and equally protected by its provisions. A blow given with deliberate and premeditated malice and with the intent and purpose to kill another, if it accomplish its purpose, can not be said to have been given without malice and unintentionally, although it did not take effect upon the person against whom it was directed; and hence we are of opinion that the instruction is not erroneous.
As to the several remaining assignments of error which relate to the refusal of the court to instruct the jury as requested, and to the instructions given which were excepted to, we find that the instructions requested which were pertinent to the case, as made in the proof, were included, substantially, in the instructions given to the jury by the court, and that there is no error in the instructions given to the prejudice of the plaintiff in error.

Judgment affirmed.

McIlvaine, C. J., Welch, White, and Gilmore, J-T . concurred.